**Yan Ping LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 04–2021–ag.

United States Court of Appeals, Second Circuit.

May 25, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for for-

Douglas B. Payne, New York, for petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Joseph A. Pantoja, Kathy S. Marks, Assistant United States Attorneys, New York, NY, for respondent.

Present JAMES L. OAKES, RICHARD J. CARDAMONE and DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

Yan Ping Lin, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Sarah Burr's decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c) (2001). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). We review questions of law, and applications of law to fact, *de novo. Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's conclusion that Lin's testimony was insufficiently credible to establish persecution. She failed to mention in her asylum application (1) that the man her parents tried to force her to marry was the son of a village chief; (2) that she went to the chief's house to protest; (3) that the chief responded by coming to her house with two policemen to arrest her; or (4) that she injured the policemen by throwing a vase at them. These allegations are material to Lin's claim of past persecution, as well as relevant to establishing government involvement and a fear of future harm. Therefore, the IJ reasonably rejected Lin's claim that she did not think these details were important.

In addition, Lin's uncle's testimony contradicted Lin's own in several material respects. In particular, Lin's uncle denied that her father gambled or ran up debts, contrary to Lin's claim that her father had arranged the marriage in order to repay a gambling debt. Her uncle also contradicted her claim that her father had abandoned the family. Although Lin's uncle confirmed that he had heard something about a forced marriage, he was unable to provide details. These inconsistencies were sufficiently material that a reasonable fact-finder would not be compelled to credit Lin's testimony. *See Zhou Yun Zhang*, 386 F.3d at 73.

Finally, Lin's CAT claim is deemed waived because she failed to raise it before this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for

mer Attorney General John Ashcroft. The U.S. Department of Justice, Thomas Ridge, and the Department of Homeland Security

are dismissed as respondents in this case, as the only proper respondent is the Attorney General. *See* 8 U.S.C. § 1252(b)(3)(A).

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

As Jadadic has failed to comply with the deadline mandated by 8 U.S.C. § 1252(b)(1), the petition for review is DISMISSED as untimely. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).